## OLIVER v. UNITED STATES.
### No. 11712.

United States Court of Appeals
Sixth Circuit.
Feb. 17, 1953.

John A. Fulton, Louisville, Ky., for appellant.

David C. Walls, Charles F. Wood and Norris W. Reigler, Louisville, Ky., for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

Appellant Oliver was indicted jointly with a woman (with whom he had been living for quite a while without benefit of clergy), Celia Stone, and with her uncle, David Barley. The first count charged Oliver with unlawfully taking a letter from an authorized mail depository; the second count charged the three defendants with forging the signature of the true payee, Raynolds, in endorsement of a check for $160.20, drawn on the Treasury of the United States; and the third count charged the three defendants with passing, uttering and publishing a check in violation of section 495, Title 18, U.S.C.A.

On first arraignment, Oliver and the woman pleaded not guilty, but Barley pleaded guilty. Three days later, appellant and the woman defendant withdrew their pleas of not guilty and pleaded guilty to counts two and three of the indictment; but the record shows that at the same session of the court appellant Oliver withdrew his plea of guilty, and his plea of not guilty was reinstated as to all three counts.

The first count of the indictment was dismissed by voluntary action of the Government. On motion of counsel for defendant, count two of the indictment was dismissed at the trial; but appellant was found guilty of the violation charged in count three: that is, uttering the forged check. The conviction of appellant rested on the testimony of the co-defendants, Celia Stone and David Barley. The woman admitted that she had been drunk for four months and was under the influence of liquor at the time of the commission of the offense.

She conceded that her uncle, David Barley, engineered the transaction and that he cashed the check, but the effect of her testimony was to implicate appellant. Barley, who had just been discharged from a penitentiary, admitted that he forged the check and cashed it, but testified that he received it from the appellant. He corroborated the testimony of his niece that he, she and the appellant went together to a store for the purpose of passing the check and testified further that Oliver had furnished him with credentials identifying him as the true payee of the check.

A woman clerk working at the store where the check was cashed testified to the effect that appellant did not participate in cashing the check and had nothing to do with endorsing or uttering it. The testimony resulting in the conviction, resting as it did solely upon the statements of accomplices, may have induced a reasonable doubt in the minds of the jurors as to the actual guilt of appellant.

The error assigned by the court-appointed attorney for appellant is grounded upon a question asked by the Assistant United States Attorney which, it is urged, was so prejudicial as to require reversal of the conviction and the granting of a new trial. The Government Attorney, in cross-examining appellant, asked him whether he would tell the jury if he had done the things charged in the indictment. The appellant replied: "I would have plead guilty to it. I would have told the Judge about it. I would not have come to the jury if I had stole any check or forged any check; I would not have come to the jury; I would have plead guilty to the Judge." Whereupon, the District Attorney said: "As a matter of fact, you did plead guilty to this charge and were sentenced on this charge, and when you found out the extent of your sentence you requested the Judge to let you plead not guilty; isn't that true?"

The attorney for defendant objected and requested the court to instruct the jury to disregard the statement of the Government Attorney. This the court did, saying: "I am going to instruct the jury to disregard that completely and not permit it to enter into their deliberations. Whatever hap-

pened before Judge Shelbourne, it is clear from the record that a plea of not guilty was ultimately entered by the court to the three counts in the indictment. This man is entitled, under the Constitution and the laws, to a trial by jury and he is now receiving it, and I want to hear no more about it." The attorney for the defendant moved the court to discharge the jury on the ground that the statement of the District Attorney was so prejudicial that, notwithstanding the admonition of the court, the harmful impression could not be removed from the minds of the jury.

We are in accord with the position taken by appellant's attorney. Neither the immediate admonition of the District Judge to the jury to disregard the prosecuting attorney's question nor the subsequent charge could, in our judgment, remove the indelibly impressed fact from the minds of the jurors that the defendant had, upon a previous occasion, pleaded guilty to the charge upon which he was being tried. The Judge told the jury that it was unfortunate that the District Attorney had made reference to the previous appearance of the defendant before the regular judge of the court, but that whatever had then happened was of no consequence, and that the jurors must receive the law as charged, that they would have no right to let the question or the implications therefrom enter into their deliberations upon their verdict. The jury was told: "This man now appears before the court, as I stated earlier, as a person who has pleaded not guilty to the indictment, and the Government has the burden of proof to satisfy you beyond a reasonable doubt of his guilt before you may find him guilty."

In Pierce v. United States, 6 Cir., 86 F. 2d 949, it was pointed out that no admonition from the court, however promptly and forcibly made, that the jury should disregard statements of the United States Attorney as to previous brushes with the law which the defendant had had could be safely relied upon to free the minds of jurors from the impression that the defendant was a bad character and capable of committing the crime charged. Such suggestions from the District Attorney were said to be capable of completely overthrowing the presumption of the defendant's innocence. Here, *a fortiori,* we have a direct imputation by the District Attorney to the defendant of a previous plea of guilty to the charge upon which he was being tried. See also Pharr v. United States, 6 Cir., 48 F.2d 767. There, Pharr, on cross-examination, had been asked whether he had not previously entered a plea of *nolo contendere,* which he knew was equivalent to a plea of guilty. The conviction was reversed, but it must be noted that the trial court had erroneously told the jury that Pharr was presumptively guilty because the record showed his former plea of *nolo contendere.*

Numerous cases where convictions have been reversed for prejudicial impressions conveyed to the jury by comments of United States Attorneys [for example, see Ross v. United States, 6 Cir., 180 F.2d 160] could be cited, but it seems unnecessary to cite them.

The judgment of conviction and sentence is reversed; and the case is remanded to the district court for a new trial.