**UNITED STATES of America,
Plaintiff,
v.
Ernest PICKENS, Frank Fitzhugh,
and William Constantine Golley, Defendants.**

Cr. No. 3523.

District Court, Alaska
Third Division, Anchorage.
Feb. 18, 1957.

653

Kaye Richey and Lloyd Duggar, Asst. U. S. Attys., Anchorage, Alaska, for plaintiff.

Stanley J. McCutcheon, Anchorage, Alaska, for defendant Pickens.

McLaughlin & Atkinson, Anchorage, Alaska, for defendant Fitzhugh.

Wendell P. Kay, Anchorage, Alaska, for defendant Golley.

McCARREY, District Judge.

This matter comes before the court upon a motion for a new trial.

Defendants Ernest Pickens, Frank Fitzhugh, and William Constantine Golley were indicted by the grand jury for murder in the second degree in connection with the death of one Jack Mc-. Cann.

At the close of the government's case, a motion for acquittal as to defendant Golley was made by his court-appointed attorney, and the same was granted.

The jury returned a verdict of manslaughter against the defendants Pickens and Fitzhugh, and the court imposed a sentence of five years in the case of Frank Fitzhugh, with two years being suspended, and five years in the case of Ernest Pickens, with three years being suspended. Only the defendant Pickens makes the motion for a new trial.

The specifications of error made by the defendant are extensive, consisting of 22 points. The defendant's conten-

tions, however, are centered principally upon three points, which consist of the remarks made by the prosecuting attorneys and the court, and the purported failure of the court to instruct away the prejudices to the defendant alleged to have resulted in the minds of the jury from such remarks.

■ Let us first consider remark number one. In the examination of the jurors on voir dire, the Assistant United States Attorney, Miss Kaye Richey, stated as follows:

"Miss Richey: * * * Ladies and gentlemen, if the evidence shows and the court instructs you as to the violent, turbulent character * * *

"Court: Reputation not character.

"Miss Richey: * * * reputation of the defendants Pickens and Fitzhugh will you consider that just as you approach the reputation of the deceased for violence and turbulence? Is there anybody who will not * * *

"Mr. McCutcheon: I must interpose an objection. That is almost grounds for a mistrial, Your Honor, to put a question with reference to the reputation of the accused present in this courtroom.

"Court: Until such time as he has taken the witness stand?

"Mr. McCutcheon: Yes, Your Honor. I think you should remonstrate with counselor on that point. It is almost reversible error before this trial gets underway.

"Miss Richey: Your Honor, may I be heard on that?

"Court: I will be glad to hear you.

"Miss Richey: Thank you. It is our theory that under the law when you have a situation like this in which specific intent is necessary to be proved, that convictions or background or reputation * * *

"Mr. McLaughlin: If it please the court, I now move for a mistrial.

"Mr. McCutcheon: I join in that motion."

The record shows that the court heard counsel on the question of prejudice caused by the remark, supra, out of the presence of the jury, principally in the courtroom and, thereafter, informally in chambers. Thereafter, the jury was recalled and the trial proceeded as follows:

"Court: Mr. McLaughlin.

"Mr. McLaughlin: If it please the court, at this time I desire to withdraw my motion for a mistrial based upon the United States Attorney's last question and substitute an objection therefor.

"Court: Motion is granted then and the objection is sustained. Mr. McCutcheon, what position do you take?

"Mr. McCutcheon: I don't propose to make a new motion for mistrial. Counsel has withdrawn his and I don't propose to make a motion for mistrial.

"Court: But you do then object to the question?

"Mr. McCutcheon: I will let my objection stand.

"Mr. McLaughlin: Your Honor, I request that the court make appropriate instruction at this time to the jury.

"Court: The motion is granted. Ladies and gentlemen of the jury, both in the jury box as well as in the general courtroom, the court instructs you at this time that you are not to consider in any manner whatsoever the second question asked by the District Attorney in the trial of this case in the event that you should be drawn as a juror. I repeat again, you are hereby specifically instructed, both the jurors in the box and those in the general courtroom, not to consider the question asked by the District Attorney nor any argument made by

counsel nor the court in respect to that phase and facet of the case."

It is obvious that the oral instruction of the court to the jury given at this time is vague, but it was so intentionally given, since to accentuate and give stature to the alleged wrong of the original statement by being emphatic and specific, though desirable in most cases and circumstances, would here only tend to accentuate and give additional evil character to the original alleged error.

Assuming that the original remark of the assistant United States Attorney tended to place the character of the defendant Pickens in issue, I am of the opinion that the remark was not prejudicial. But, if it were prejudicial, the admonition of the court at this point cured the wrong. This is borne out by the fact that counsel for defendant Fitzhugh withdrew their motion for mistrial and counsel for defendant Pickens, who joined in the motion, asserted that he had no intention to make an additional motion of this nature.

█ The law provides that prejudicial reference to past crimes or other matters tending to besmirch the character of the defendant, at least until he places his character in issue, deprives the defendant of a fair trial. Boyd v. U. S., 1892, 142 U.S. 450, 12 S.Ct. 292, 295, 35 L.Ed. 1077. In the oft-quoted Boyd case, the court allowed the introduction of evidence of robberies committed by the defendants prior to their purported murderous activity, ostensibly to indicate that the deceased had the right to attempt to arrest the defendants. The lower court instructed the jury that this was the only purpose of the introduction of the evidence and that they could not consider it for any other purpose. The Supreme Court ruled that this did not cure the error.

"[the robberies] * * * were collateral to the issue to be tried. * * * They afforded no legal presumption or inference as to the Proof of them only tended to prej-

particular crime charged. * * * udice the defendants with the jurors, to draw their minds away from the real issue, and to produce the impression that they were wretches whose lives were of no value to the community, and who were not entitled to the full benefit of the rules prescribed by law for the trial of human beings * * *."

I am certainly in accord with the principles established by this case, but it is a far cry from our fact situation.

In each case where the courts have set aside the judgment for this type of error, the situation is far removed from that in issue here. In Pierce v. U. S., 6 Cir., 1936, 86 F.2d 949, the court reviewed the introduction of evidence of past criminal conduct, the inability of the defendants to obtain character references and their disrepute in their home town. In Berger v. U. S., 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, the record is rife with misconduct on the part of the prosecuting attorney in connection with the character of the defendant. And in Sang Soon Sur v. U. S., 9 Cir., 1948, 167 F.2d 431, 432, the case most heavily relied upon by the defendant, in the course of a trial for income tax evasion, evidence of narcotics offenses was introduced. As the court said:

"The admission of the evidence of independent crimes was error. Its admission cannot be justified under any of the exceptions to the general rule. We fail to perceive any relevancy between an evasion of the payment of income taxes and a conviction for the possession of opium."

Were the facts similar in this case, the motion would be well founded, but such is not the case.

Evidence of criminal activity by the defendants collateral to that in question was not introduced. Nor did the court permit reference to the bad character of v. U. S., 9 Cir., 1902, 115 F. 3. I feel

the defendants as was the case in Allen that no prejudice was done to the defendant's cause in connection with this matter. Cf. Oliver v. U. S., 6 Cir., 1953, 202 F.2d 521; Sunderland v. U. S., 8 Cir., 1927, 19 F.2d 202; Echert v. U. S., 8 Cir., 1951, 188 F.2d 336, 26 A.L.R. 2d 752; Borum v. U. S., 1932, 61 App. D.C. 4, 56 F.2d 301; Laughlin v. U. S., 1937, 67 App.D.C. 355, 92 F.2d 506; Kitchen v. U. S., 1955, 95 U.S.App.D.C. 277, 221 F.2d 832.

■ Defendant's second contention is that certain remarks of counsel and the court amounted to a comment upon the failure of the defendant to take the stand and were, accordingly, in violation of the privilege against self incrimination embodied in the Fifth Amendment, and deprived the defendant of a fair trial. The first statement complained of was made by Mr. Duggar in his argument to the jury as follows:

"* * * they showed you a few measurements of Mr. McCann, but they were unable by their * * * by a total absence, they simply were unable to show any little marks on McCann's hands at all and you might say, 'well, why didn't we show you Fitzhugh's hands?'. Well, as you can readily appreciate, Mr. Fitzhugh's hands were not under our control the way poor Mr. McCann's hands were at the mortuary when the defendants had access to it.

"Mr. McLaughlin: May it please the Court, objection is made to the last comments of counsel to the jury.

"Court: Objection sustained.

"Mr. McLaughlin: And I move, Your Honor, at this time for a mistrial.

"Court: Motion is denied, the latter motion.

"Mr. Duggar (Assistant United States Attorney): On what ground * * * I mean, on what ground is the * * * well, I will leave it * * *

"Court: I wouldn't want to elaborate."

At this point counsel for the defendant Pickens moved for a mistrial arguing that this constituted a comment on the failure of the defendants to take the stand. The motion was later denied.

■ While it is prejudicial error to comment upon defendant's failure to take the stand, and the court must instruct the jury, as was done in this case, that they must not infer anything from defendant's failure to take the stand in his defense, Bruno v. U. S., 1939, 308 U.S. 287, 60 S.Ct. 198, 84 L. Ed. 257, not every remark which may seem to cast weight on defendant's failure will constitute error. Milton v. U. S., 1940, 71 App.D.C. 394, 110 F.2d 556; Hood v. U. S., 10 Cir., 1932, 59 F.2d 153. The privilege against self incrimination is not thwarted by every minute reference which might be made.

In Smith v. U. S., 5 Cir., 1956, 234 F.2d 385, 393, the defendant appearing in propria persona, in the process of cross examining a government witness, continued to make evidentiary statements. The court instructed that if he wished to give testimony he could take the stand himself. The Court of Appeals found no error. It should be pointed out, first, that this was a reference to a part of defendant Fitzhugh's body, second, that it was not defendant Pickens, and third, that admonition was given by instruction, and fourth, and important, counsel for the prosecution and the court jealously avoided enlarging upon the reference. A careful survey of the authorities fails to reveal any case holding that this sort of reference would constitute prejudicial error.

■ Defendant also contends that a remark of the court made at the time of the colloquy on voir dire supra, concerning the point at which character becomes an issue, was a comment upon defendant's failure to take the stand (see quoted material supra). I am of the opinion that such a position cannot logically be maintained.

 The third and final error specified on the motion for a new trial relates to the remark of Assistant United States Attorney Duggar in the course of final argument, where he referred to the defendants Pickens and Fitzhugh as "barroom bullies". Defendant contends that this type of remark is highly prejudicial and constitutes a deprivation of a fair trial. It is clear from the cases that the government's representative has a duty of fairness to the defendant. As the court said in Berger v. U. S., 295 U.S. 78, 55 S.Ct. 629, 633, 79 L.Ed. 1314:

> "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. *But, while he may strike hard blows, he is not at liberty to strike foul ones.* It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." (Emphasis supplied.)

In the Berger case, however, the record illustrates a pattern of misconduct on the part of the government counsel, misstatements of fact made in the course of examination, insinuations and harassment. Similar conduct was the basis for reversal in Ross v. U. S., 6 Cir., 1950, 180 F.2d 160, but this pattern is not present in our case.

The record reveals that the prosecuting officers responded to the court's instructions, attempted to be fair and honest in their dealings with the jury and otherwise avoided misconduct of the type illustrated in the cases cited. It may be that references in the manner made by Mr. Duggar would be better avoided, but they are certainly not, in my opinion, prejudicial. United States v. Walker, 2 Cir., 1951, 190 F.2d 481; Cf. United States v. Socony Vacuum Oil Co., 1940, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129.

 The defendant in a criminal case is entitled to a fair trial, but this does not mean that every error will void the validity of the trial; he is not entitled to a perfect trial. Lutwak v. U. S., 1953, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593.

In viewing the case as a whole and giving such weight to the oral and written instructions generally accorded them, as well as the slightness of the errors complained of, if any exist, I am of the opinion and hereby find, that the motion for a new trial should be and hereby is denied.