## SMILEY v. UNITED STATES.
### No. 12375.

United States Court of Appeals
Ninth Circuit.
Jan. 19, 1951.

904

Otto Christensen, Los Angeles, Cal., Robert A. Neeb, Jr., Beverly Hills, Cal., for appellant.

Ernest A. Tolin, U. S. Atty., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

ORR, Circuit Judge.

This court has rarely, if ever, been asked to entertain a proceeding of this character. We do not wish to be understood as giving it our stamp of approval as a regular practice because such a practice would be sanctioning one more step in the almost interminable delays which attend some criminal proceedings. Because of the contention that the crime charged in the indictment was separate and distinct from that upon which appellant was tried and convicted and that appellant was not aware of the variance until a very late date, we deem it expedient to entertain the supplemental petition. Here we have a case where a conviction was had in the trial court, an appeal taken to this circuit court, the judgment affirmed, a rehearing denied; a petition to the Supreme Court of the United States for certiorari; the petition denied; a rehearing asked and denied, and now a supplemental petition to this court for rehearing and motion to remand.

The petition for rehearing presented to the Supreme Court of the United States asserted, for the first time, the contention now made to us in the supplemental petition. Appellant Smiley was convicted in the District Court of the United States, Southern District of California, Central Division, of fraudulently representing himself as a citizen of the United States. He was convicted on three counts. On appeal we reversed as to two and sustained the third. 181 F.2d 505.

The third count charged the misrepresentation of citizenship to have been made to one Siu, a deputy sheriff of Los Angeles, California. The evidence disclosed that the false statements with which appellant was charged were made in the course of a booking operation at the Sheriff's office, after an arrest. The answers were recorded on a form sheet provided for that purpose. It appears that the lower portion of the form which contains the false statement was filled in by Deputy Sheriff Hopkins, not Siu and that Siu did not hear the false answers. Hence, it is argued that a fatal variance exists between the allegation and proof.

Deputy Sheriff Siu made an affidavit after trial as to the circumstances.

■ . At the trial counsel for appellant relied on the theory that no crime had been committed because the person to whom the false misrepresentations were made was not one having a legal right to ask the questions in furtherance of official authority and authorized by a law which imposed a duty on the questioned individual to answer. We rejected this theory but mention

it in connection with our required inquiry as to whether the alleged variance is material and of a character which could have misled the defendant at the trial and thus deprived him of a substantial right and the further inquiry as to whether appellant has been protected against another prosecution for the same offense. The true inquiry is not whether there has been a variance but was it such as to affect the substantial rights of the accused. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; United States v. Ragen, 314 U.S. 513, 526, 62 S.Ct. 374, 86 L.Ed. 383. "No variance ought ever to be regarded as material where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial." Washington & Georgetown R. Co. v. Hickey, 166 U.S. 521, 531, 17 S.Ct. 661, 665, 41 L.Ed. 1101. In a criminal case there must "be added the further requisite that the variance be not such as to deprive the accused of his right to be protected against another prosecution for the same offense." Berger v. United States, supra, 295 U.S. at page 83, 55 S.Ct. at page 631.

Rule 52(a) of the Rules of Criminal Procedure, 18 U.S.C.A., provides: "Any error, defect, irregularity or *variance* which does not affect substantial rights shall be disregarded." (Emphasis added.) This provision is said to restate the prior law. In the instant case we have a variance in names. Not every such variance is fatal. Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034; Bennett v. United States, 227 U.S. 333, 33 S.Ct. 288, 57 L.Ed. 531; Ferrari v. United States, 9 Cir., 169 F.2d 353.

■ Measuring the situation in the instant case by the yardstick announced in the cited cases, we find no fatal variance. The entire proceeding relating to giving of the false answer to the deputy sheriff, was carried on in a room in which Deputy Sheriff Siu was present most, if not all, of the time. The document upon which the alleged false answer of appellant was recorded was in evidence at the trial. It would be idle to say that the able counsel representing appellant was not advised of the entire circumstances of the making of the answer if not of the particular party to whom made. He was not concerned so much with that phase of the case because of his conception of the law. It is evident that the same defense would have been made had Hopkins been named in the indictment. As an evidence of how little concern counsel for appellant placed on the particular individual in the Sheriff's office to whom the alleged statements were made, we cite his statements to the trial court in argument for a new trial. In explanation as to why the appellant was not called as a witness, counsel stated:

"The facts are so simple in the case. In fact, we did not dispute them, stipulating that he was an alien, and, secondly, virtually admitting that on the occasions of his interviews by booking officers * * * that he was asked certain questions with reference to his birth, * * * it was for that reason, Your Honor, that I did not place the defendant on the stand, because, if he had been, he would testify precisely that way under oath, * * * I may have made a mistake because the jury didn't hear the sound of the voice of the defendant, but I could see no purpose because there was nothing to deny as far as the actual facts of the case were concerned."

This statement of counsel, made after the trial, can be relevant only to point up the theory on which the case was tried and leaves no reason for a finding of surprise and that a different defense would or could have been urged in the event Hopkins had been named in the indictment. The evidence at the trial was in part documentary. It is of such a character as to firmly peg the crime charged to the circumstances of time and place and persons present in such a manner as to fully protect appellant against another prosecution for the same offense. He would have no difficulty were another prosecution attempted in showing former jeopardy.

The supplemental petition for rehearing is denied, as is also the motion to remand.