UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Roosevelt HASKINS, Defendant-
Appellant.

No. 15862.

United States Court of Appeals
Sixth Circuit.

May 11, 1965.

Knox Bigham, of Gates & Bigham, Lewisburg, Tenn., for appellant.

J. H. Reddy, U. S. Atty., B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn., on the brief, for appellee.

Before PHILLIPS and EDWARDS, Circuit Judges, and WEINMAN, District Judge.

WEINMAN, District Judge.

Appellant, Frank Roosevelt Haskins,[1] was charged in a three count indictment with possession and sale of whiskey, the containers of which bore no stamps denoting the payment of tax as required by law, in violation of Sections 5205(a) (2) and 5604(a) (1) of Title 26 U.S.C.A.

Count one charged possession of such whiskey on January 11, 1963, count two charged the sale of such whiskey on the same date as count one and count three charged possession of such whiskey on January 19, 1963. A jury convicted defendant on all counts of the indictment. Thereafter, the District Judge imposed sentences of one year and a $500.00 fine on counts one and three, the sentences to be served consecutively; on count two, imposition of sentence was suspended and defendant was placed on probation for a period of five years.

Defendant, as the grounds upon which he seeks reversal of the judgment below, contends that the Trial Judge erred in the following rulings: (1) in overruling a motion to suppress evidence made prior to trial and renewed at the trial, (2) in overruling certain objections to evidence as being beyond the scope of and contradictory of the bill of particulars and (3) in overruling a motion for a judgment of acquittal.

In the first assignment of error, defendant attacks his conviction on count three of the indictment. It is stated that all of the evidence in support of his conviction on that count was obtained by the use of search warrants which, it is urged, were issued without probable cause, and therefore the motion to suppress that evidence should have been sustained. It is claimed that these affidavits, which were furnished by two investigators of the Alcohol and Tobacco Tax Unit of the Internal Revenue Service, were insufficient to establish probable cause for the issuance of the search warrants because they did not justify the conclusion that defendant possessed non-taxpaid whiskey on the date they were issued and because they did not point particularly to a place where an offense was being committed.

In determining whether a United States commissioner has properly issued a search warrant, we first recognize that he must exercise his own judg-

---

1. The appellant in this Court, Frank Roosevelt Haskins, will be designated as he was in the District Court, as defendant.

ment as to whether the facts in the affidavit constitute probable cause; and his determination is conclusive unless his judgment is arbitrarily exercised. There is, in other words, a presumption that a commissioner has properly performed his duty. United States v. Ventresca, 85 S.Ct. 741 (March 1, 1965); United States v. Plemmons, 336 F.2d 731, 732–734 (6 Cir. 1964) and cases cited therein; United States v. Spears, 287 F.2d 7, 9–10 (6 Cir. 1961); Evans v. United States, 242 F.2d 534, 536 (6 Cir. 1957) and Gracie v. United States, 15 F.2d 644, 646 (1 Cir. 1926).

The Court has carefully reviewed the four affidavits in question, each of which was sworn to and subscribed before the Commissioner on January 19, 1963. Briefly summarized, the affidavit of Investigator Hill for the warrant to search defendant's grocery store and appurtenances states, as grounds for the search, that on January 11, 1963, defendant possessed, concealed and sold one gallon of nontaxpaid whiskey from his premises to the Investigator for $8.00 and at that time the Investigator saw numerous other jugs. Investigator Hill also filed an affidavit for the search of defendant's residence, out buildings, vehicles and appurtenances in which he recited the same grounds for the search. It must be noted that the grocery store and the residence are side by side and each may, in fact, be a part of the same piece of property, though we are not required to make such a determination in this case.

The affidavit of Investigator Gray for the warrant to search defendant's grocery store states, as grounds for the search, that the Investigator had been acquainted with defendant for about eight years; that defendant had a reputation as a moonshine whiskey dealer; that he had a record for a prior whiskey violation; that on numerous occasions the Investigator received information that defendant sold nontaxpaid whiskey from his premises; that the most current information was received on January 5, 1963, from a reliable, confidential informer, and was that defendant maintained a large cache of moonshine whiskey at his home and that smaller quantities were brought to his store for immediate retail sale; and that defendant receives his whiskey on Thursdays and Fridays in preparation for weekend business. The affidavit further states that on January 11, 1963, Investigator Hill purchased one gallon of nontaxpaid whiskey from defendant and affiant had that whiskey in his custody. The affidavit concludes with the fact that affiant has been an investigator for the Alcohol and Tobacco Tax Unit of the Internal Revenue Service for 12 years and he is thoroughly familiar with moonshine whiskey. On the same date, Investigator Gray filed an affidavit for the search of defendant's residence and recited the same grounds for the search.

With the foregoing information before him, the Commissioner issued, on January 19, 1963, a warrant for the search of defendant's grocery store with appurtenances and a warrant for the search of defendant's residence, outside buildings, vehicles and appurtenances. We find untenable defendant's argument that the affidavits were insufficient to establish probable cause. On the basis of these affidavits, we believe the Commissioner was fully justified in finding that it was probable that on January 19 Frank Roosevelt Haskins was violating the federal liquor laws and these offenses were being committed at both his grocery store and his residence. Accordingly, the District Judge committed no error in denying the motion to suppress evidence.

The second ground upon which defendant seeks reversal is the action of the District Judge in overruling his objections to the introduction of certain evidence as being beyond the scope of and contradictory of the bill of particulars. As to each specific objection, we have summarized the information requested by the motion for the bill of particulars, the information then supplied by the government and finally, the evidence introduced by the government at the trial.

a) Regarding count 1, the motion for the bill of particulars requested the names of all persons who allegedly saw the whiskey in defendant's possession on January 11, 1963. The bill of particulars named only Sidney Hill. The government's proof was to the effect that two other persons observed the transactions, an unnamed person and a young boy.

b) Regarding count 2, defendant requested the name of the person alleged to have made delivery of the whiskey and the time of day of the alleged sale. The bill of particulars named defendant as the person who made the delivery and stated 6:30 p. m. to 7:00 p. m. as the time. The government's evidence showed that a young boy handed the whiskey to an unnamed person, who was in the store with Investigator Hill, and also that the sale was made between the hours of 7:00 p. m. and 7:30 p. m.

c) Regarding count 3, defendant requested the quantity of whiskey which he allegedly possessed on January 19 and the description of the containers of said whiskey. The bill of particulars stated one and three-fourths gallons in one-gallon glass jugs. In addition to the introduction of the above evidence, the Trial Judge, over defendant's objection, admitted, but the next day struck, evidence of possession of at least nine plastic five-gallon containers and many other glass jugs. All the above mentioned containers had the odor and drippings of moonshine whiskey. Defendant argues that the admission of the evidence was a variance and the striking of that evidence, even with the Trial Judge's admonition to the jury, did not cure the error.

■ The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. United States v.

Murray, 297 F.2d 812, 819 (2 Cir. 1962); Dierkes v. United States, 274 F. 75, 77 (6 Cir. 1921); United States v. Brennan, 134 F.Supp. 42, 52 (D.C.Minn.1955); Barron and Holtzoff, Federal Practice and Procedure, Cumulative Supplement to Vol. 4, Section 1917, pp. 78–80 and cases cited therein; and 11 Cyclopedia of Federal Procedure (3rd ed. 1963), Section 42.197, pp. 492–493 and cases cited therein.

■ When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified, i. e., the bill limits the scope of the government's proof at the trial. United States v. Murray, supra at 819, of 297 F.2d; Land v. United States, 177 F.2d 346, 348–349 (4 Cir. 1949); Braatlien v. United States, 147 F.2d 888, 892 (8 Cir. 1945); United States v. McKay, 45 F.Supp. 1001, 1004 (D.C.E.D.Mich. 1942). This is not to say that *any* variance in the proof from the information in the bill of particulars is grounds for reversal. It is well settled that a variance between the proof and the bill of particulars is not grounds for reversal unless the defendant was prejudiced by the variance. United States v. Glaze, 313 F.2d 757, 759 (2 Cir. 1963); Pependrea v. United States, 275 F.2d 325, 327–328 (9 Cir. 1960); Smiley v. United States, 186 F.2d 903, 905 (9 Cir. 1951). It is important to note that Rule 52(a), Federal Rules of Criminal Procedure provides: "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

With respect to the alleged contradictions noted above in (a) and (b), the Court finds that there is a variance between the evidence offered by the government and the information contained in the bill of particulars. However, defendant has failed to show how these variances prejudiced him at the trial. His argument ends with the assertion that there was a variance. There is no allegation of surprise and, as illustrated by a reading of the transcript of the testimony, no surprise resulted from the variance. At the trial, defendant was

prepared to present, and did present, witnesses who testified that they were in the store at the time the sale allegedly took place but that Investigator Hill was not there and the alleged sale did not occur. Testimony was also introduced to show that defendant's grandson, a young boy who spent quite a bit of time at the store, was not present on the day of the sale. The jury, by its verdict, showed that it did not believe the foregoing testimony.

■ The Court must conclude that the variances noted in (a) and (b) were without significance and resulted in no prejudice to defendant.

As previously stated, regarding (c), the Trial Judge permitted, over defendant's objection, the government to introduce proof of the possession of at least nine plastic five-gallon containers and many other glass jugs, all of which had the odor and drippings of moonshine whiskey. The day after this testimony was admitted into evidence, the Trial Judge ruled that the objection was well taken and instructed the jury that they were to completely remove that evidence from their minds and were not to consider it in their deliberation.

The problem which arises here is whether it can be said that the cautionary instruction given to the jury removed from their minds the effect of the improper testimony. See United States v. C. L. Guild Construction Co., Inc., 193 F.Supp. 268, 271–274 (D.C.R.I. 1961) for an excellent discussion of this problem and a collection of relevant cases.

■ It is the general rule that cautionary instructions to a jury to disregard inadmissible evidence, which has been stricken from the record, or to disregard improper and prejudicial questions or arguments are deemed to cure such errors. United States v. Farber, 336 F.2d 586, 589 (6 Cir. 1964) and United States v. C. L. Guild Construction Co., Inc., supra at page 272 of 193 F.Supp. and cases cited.

There are of course exceptions to this rule. In Kotteakos v. United States, 328

U.S. 750, 764, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946) the Supreme Court noted the general rule:

"If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress. * * *"

and then stated:

"But if one cannot say, with fair assurance, after pondering all that happened, without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand." [Citation and footnote omitted.]

The problem of the curative effect of admonitions of a trial judge is not novel to this Circuit. In Pierce v. United States, 86 F.2d 949 (6 Cir. 1936), this Court ordered a new trial because the United States Attorney made statements to the effect that the defendant had had previous problems with the law. The Court pointed out that no admonition from the trial judge, however promptly and forcefully made, could safely be relied upon to free the minds of the jurors from the impression that the defendant was a bad character and capable of committing the crime charged. The Court, in its opinion, noted the "harmless error statute," Section 391, Title 28 U.S.C.A. [Rule 52(a), Federal Rules of Criminal Procedure is a restatement of that statute] and stated, at page 952:

"* * * not every technical error, defect, or exception which does not affect the substantial rights of the parties is ground for reversal,

and if upon examination of the entire record substantial prejudice does not appear, the error, if it exists, must be regarded as harmless. * * * The inquiry, however, must always be as to whether in view of the whole record the impression conveyed to the minds of the jurors by irrelevant and prejudicial matter is such that the court may fairly say that it has not been successfully eradicated by the rulings of the trial judge, his admonition to counsel, and his instruction to the jurors to disregard it. * * * "

The Court then continued and stated the type of evidence which, if heard by a jury, would be so prejudicial that a cautionary instruction would not suffice.

"To those with any breadth of experience in the trial of criminal cases it must be clear that suggestions, especially when often repeated, that a defendant has earlier been in trouble with the law, that he has elsewhere or previously been indicted, that he has been frequently detained and investigated by law enforcement officers, and that he is a fugitive from justice, are so prejudicial that no admonition from the court that they be disregarded, however promptly and forcibly made, may be safely relied upon to free the minds of jurors from the impression that the defendant is of bad character and capable of committing the crime charged. They may completely overthrow the presumption of innocence. * * * "

Examples of other cases reversed because cautionary instructions did not cure error are Oliver v. United States, 202 F.2d 521 (6 Cir. 1953) (prosecutor asked defendant if he had previously en-

tered a plea of guilty to the charge upon which he was being tried); Ippolito v. United States, 108 F.2d 668, (6 Cir. 1940), (prosecutor's reference to defendant's character by names such as animal, rattlesnake and skunk); Pharr v. United States, 48 F.2d 767 (6 Cir. 1931) (admission of evidence that defendant had entered, and later withdrew, a plea of nolo contendere under circumstances where the court and counsel for the government elsewhere in the trial treated such a plea the same as a guilty plea).

In the case before us, the evidence which the Trial Judge directed the jurors to disregard was not the type which infuriates or inflames a jury. It did not, as the cases cited above, attack the character of defendant. The evidence was, in fact, merely cumulative since there was other proper evidence of possession on January 19.[2] We have read the transcript of all the evidence and are convinced that the Trial Judge's cautionary instruction, which covered three and a half typewritten pages, accomplished its purpose, leaving the error harmless with no prejudice to defendant. Rule 52(a), Federal Rules of Criminal Procedure, Kotteakos v. United States, supra, and Pierce v. United States, supra.

We pause but briefly upon the third assignment of error urged by defendant, which is that the Trial Judge erred in overruling defendant's motion for a judgment of acquittal. The grounds for that motion were that the evidence contradicted the bill of particulars and the prosecution was based upon knowingly false evidence. The Court has already considered the contradictions between the evidence and the bill of particulars and on that point we need say nothing further. And we find the asser-

---

2. We cannot pass this point without noting with interest the fact that the inventory of property taken pursuant to the search warrants and listed on the return of the warrants includes one and three-fourths gallons nontaxpaid whiskey; nine five-gallon plastic jugs, smelling of moonshine; and thirteen one-gallon jugs, two containing the nontaxpaid whiskey and eleven with drippings and odors of moonshine. Counsel for the government did not indicate to this Court why all of the foregoing information was not included in the response to defendant's motion for bill of particulars.

tion that the prosecution was based upon knowingly false evidence to be without merit. In support of that assertion, defendant argues that Investigator Hill's affidavit is to the effect that he bought whiskey at the dwelling house. However, the affidavit states that the nontax-paid whiskey was bought from defendant's "premises" and we will not strain the word "premises" to mean only "dwelling house." As previously noted, the house and the store are adjacent and we find no error in referring to the house and the grocery store collectively as defendant's premises.

And finally, defendant argues that the return on one of the search warrants was erroneous. Assuming that to be true, the return of a warrant is a ministerial act and any failure therein does not void the warrant. Evans v. United States, supra at 536 of 242 F.2d (6 Cir. 1957) and Rose v. United States, 274 F. 245, 250–251 (6 Cir. 1921).

Since none of the allegations of error is well taken, the judgment of the District Court is affirmed.