UNITED STATES of America,
Plaintiff,

v.

Charles Edward WEBB, Defendant.

Crim. A. No. 7127.

United States District Court,
E. D. Tennessee,
Northeastern Division.

April 16, 1970.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Lodge Evans, Elizabethton, Tenn., for defendant.

## MEMORANDUM OPINION.

NEESE, District Judge.

The arresting officer herein seized a 22-calibre rifle from the defendant Charles Edward Webb on October 8, 1969. He moved this Court to suppress this weapon as evidence, on the ground that such property was illegally seized without a warrant. Rule 41(e) (1), Federal Rules of Criminal Procedure. Evidence on the issues of fact necessary to a decision of the motion was received by the Court on April 10, 1970, after which such motion was denied.

The prosecution introduced evidence tending to show that Mr. Webb and his (then) wife were engaged in a protracted marital conflict on and prior to the aforementioned date. On the date Mr. Webb was arrested, he had gone to his home, where his estranged wife was then making her residence, in an effort to determine where Mrs. Webb and her aunt had been earlier. An active dispute among Mr. Webb and these two women became public enough to attract the attention of neighbors. One of them reported to Mr. David Rowe, a deputy sheriff of Carter County, Tennessee, that a fight was in active progress in the neighborhood and requested officers to come to the scene. Mr. Rowe and other deputies sheriff arrived there at about 11:45 o'clock p. m.

As these officers approached the scene in their vehicle, Mr. Rowe saw Mr. Webb emerge from a residence next-door to his own; and, when he was some 75 feet from this officer, Mr. Rowe heard the defendant respond to some undiscernible comment from his wife in the doorway of his home: "Get your a— – back in there, or I'll blow it back in!" Mr. Webb then returned to his own property and laid the weapon on the hood of an automobile parked nearby. Whereupon, Mr. Rowe and the deputies went upon the defendant's property to arrest Mr. Webb. Mr. Rowe informed Mr. Webb that he was in arrest for disorderly conduct and seized the rifle, which was then about 10 feet from the place Mr. Webb was taken into physical custody. At about the time of the arrest, Mr. Webb suggested aloud that his wife's aunt was, in sum, an old woman engaged in the proverbial "world's oldest profession." She intruded and struck him with her fists.

Mr. Webb was then removed to the local jail, where he was booked at 12:03 o'clock, a. m., October 9. Warrants charging him with four offenses, including disorderly conduct, were served upon Mr. Webb at about 1:30 o'clock that morning. The father of the defendant testified that Mr. Rowe told him subsequently that he had arrested the defendant on the authority of a capias which had issued from the Juvenile Court of Carter County.

██ As a Tennessee law enforcement officer, Mr. Rowe was permitted to arrest Mr. Webb without a warrant, after the latter had committed the public offense of disorderly conduct in the officers' presence. T.C.A. § 40–803(1); United States v. Haskins, D.C.Tenn. (1962), 213 F.Supp. 551, 554[4], affirmed C.A.6th (1965), 345 F.2d 111. As related to Mr. Webb's conduct in the presence of these officers, "* * * disorderly conduct * * * is the use of rude, boisterous, offensive, [or] obscene or blasphemous language in [a] public place * * *." T.C.A. § 39–1213.

██ Mr. Rowe arrested Mr. Webb lawfully, with probable cause. The seizure of the rifle by Mr. Rowe was incidental to his lawful arrest of Mr. Webb, and so near the place of the arrest, that a search warrant was not required. See White v. State (1962), 210 Tenn. 78, 87[5], 356 S.W.2d 411. It was reasonable for Mr. Rowe to remove the rifle which Mr. Webb might have sought to have used to resist arrest or effect his escape. Otherwise, the safety of the officers might well have been endangered, and the arrest itself frustrated. Chimel v. California (1969), 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685, 694[4].

As the defendant's motion of April 6, 1970 lacked merit, it was overruled.