STATE of Maine

v.

Paul WEDGE.

Supreme Judicial Court of Maine.

July 16, 1974.

David M. Cox, County Atty., Eugene W. Beaulieu, Robert Briggs, Asst. County Attys., Bangor, for the State.

Paine, Lynch, Weatherbee & Kobritz by Errol K. Paine, Bangor, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

Paul Wedge was named in two indictments alleging violation of 22 M.R.S.A. § 2210–A (Sale of Amphetamines). In each case a waiver of jury was filed (Rule 23(a), M.R.Crim.P.), the cases were consolidated and tried before a single Justice. Mr. Wedge was convicted of both charges and has appealed. We deny the appeals.

Each of the indictments specified that the offense was committed on May 18, 1973. In response to a motion for a bill of particulars, the county attorney described each offense as occurring "between 5:00 p. m. and 11:00 p. m. on May 18, 1973." In lieu of a complete trial transcript the parties filed a statement of facts in which it was agreed that the only evidence as to the exact time in which these offenses were committed was "in the afternoon" of the day alleged. The single Justice denied a motion for judgment of acquittal, indicating that although he was unable to find beyond a reasonable doubt that the offenses occurred between the hours of 5:00 p. m. and 11:00 p. m. as specified, he was satisfied beyond a reasonable doubt that the offenses had occurred in the afternoon of that day.[1] He ruled that the variance in the proof as to the time was not fatal.

The parties framed the issue for appellate review in this language:

"The issue raised by the Defendant's appeal is whether or not the State was required to prove beyond a reasonable doubt that the offenses occurred between the hours of 5:00 p. m. and 11:00 p. m. on May 18, 1973 as specified in the bill of particulars."

As we understand this issue, we are limited to the narrow question of deciding whether any variance between the time specified in a bill of particulars and the proof, *per se,* mandates an acquittal.

The Maine Rules of Criminal Procedure became effective December 1, 1965. By virtue of Public Laws of 1963, ch. 226, § 1 (now 4 M.R.S.A. § 9), the Supreme Judicial Court was granted full rule making power in criminal cases. In preparation for the promulgation of the criminal rules, the Court appointed an advisory committee and engaged the professional services of Professor Harry P. Glassman to serve as the reporter and consultant to the committee and to the Supreme Judicial Court. As a result of a cooperative effort extending over a two-year period, the criminal rules were finally prepared, adopted and promulgated. In deciding the question before us it is important to consider the intentions of those charged with this responsibility. As then Chief Justice Williamson stated in his foreword to Glassman, Maine Practice:

"The transition from pleading based on the common law to procedures based largely on the Federal Rules has been accomplished with surprising smoothness.

. . . . . .

At the outset it was decided that the Federal Rules should be used as a guide

---

1. There is nothing in the abbreviated statement of facts before us which gives any factual background to underlie this conclusion.

and that the new rules should be consistent to the extent feasible with the Maine Rules of Civil Procedure."

Williamson, *Foreword* to Glassman, Maine Practice at IX, X (1967). Professor Glassman, in his preface to this work, clearly states the intention of his committee by observing:

"Since the Maine rules are based on the Federal Rules of Criminal Procedure, many citations to federal authorities are included."

Glassman, *Preface* to Glassman, Maine Practice at III.

That this transition from common law pleading to criminal pleading consistent with the federal rules was generally accepted is evidenced by the enactment by the Maine Legislature of Public Laws of 1965, ch. 356, for the purpose of conforming the statutes of the State to the new rules of criminal procedure.

With this background in mind, we have no problem with construing the various rules in accordance with the interpretation given parallel rules by the various Federal Circuit Courts of Appeals.

We now turn to the specific rules requiring interpretation in the instant case.

The essence of Rule 7(f), M.R.Crim.P., is identical to Rule 7(f) of the Federal Rules of Criminal Procedure and provides:

"(f) Bill of Particulars. The court for cause may direct the filing of a bill of particulars. A motion for a bill of particulars may be made only within ten days after arraignment or at such other time before or after arraignment as may be ordered by the court. The bill of particulars may be amended at any time subject to such conditions as justice requires."

Rule 52(a), M.R.Crim.P., and Rule 52(a), Federal Rules of Criminal Procedure, use identical language, namely:

"(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

In deciding the issue before us it is necessary to understand the limitations of our Rules 7(f) and 52(a). We feel that, consistent with the intention manifested when these rules were promulgated, the interpretation given the parallel federal rules by the Federal Circuit Courts is controlling.

United States v. Haskins, 345 F.2d 111 (6th Cir. 1965), dealt with an alleged illegal sale of whiskey. There a bill of particulars specified the time of the sale as being between 6:30 p. m. and 7:00 p. m., but the proof placed the time between 7:00 p. m. and 7:30 p. m. The Court held:

"When a bill of particulars has been furnished, the government is strictly limited to the particulars which it has specified, i. e., the bill limits the scope of the government's proof at the trial. [Citations omitted.] This is not to say that *any* variance in the proof from the information in the bill of particulars is grounds for reversal. It is well settled that a variance between the proof and the bill of particulars is not grounds for reversal unless the defendant was prejudiced by the variance. [Citations omitted.] It is important to note that Rule 52(a), Federal Rules of Criminal Procedure provides: 'Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.' "

*Id.* at 114.

The First Circuit has defined the function of a bill of particulars in this language:

"The function of a bill of particulars is to protect against jeopardy, provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and *to avoid prejudicial surprise at trial.*" (Emphasis added.)

United States v. Leach, 427 F.2d 1107, 1110 (1st Cir. 1970), cert. denied, 400 U.S. 829, 91 S.Ct. 57, 27 L.Ed.2d 59 (1970).

Our research has disclosed no cases in the federal system in which the element of prejudice has not been a controlling factor in deciding whether a variance from the allegations of a bill of particulars should result in a reversal of the conviction. *See* United States v. Leach, *supra* (1st Cir.); United States v. Silverman, 449 F.2d 1341 (2d Cir. 1971), cert. denied, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972); United States v. Birrell, 447 F.2d 1168 (2d Cir. 1971), cert. denied, 404 U.S. 1025, 92 S.Ct. 675, 30 L.Ed.2d 675 (1972); United States v. Glaze, 313 F.2d 757 (2d Cir. 1963); United States v. Neff, 212 F.2d 297 (3d Cir. 1954); United States v. Dulin, 410 F. 2d 363 (4th Cir. 1969); United States v. Sullivan, 421 F.2d 676 (5th Cir. 1970), citing United States v. Haskins, *supra*; United States v. Haskins, *supra* (6th Cir.); Goldbaum v. United States, 204 F.2d 74 (9th Cir. 1953); *see also* Smiley v. United States, 186 F.2d 903 (9th Cir. 1951).

In Maine the use of a bill of particulars did not originate with the promulgation of the criminal rules. Its function was recognized in State v. Hume, 146 Me. 129, 138, 78 A.2d 496, 502 (1951), the Court noting:

"The effect of a bill of particulars is to reasonably restrict the proofs to matters set forth in it. The construction placed on a bill of particulars, however, should not be 'too narrow.' It should be 'fairly construed.'"

State v. Littlefield, 219 A.2d 755 (Me. 1966), although decided subsequent to the promulgation of the criminal rules, dealt with a bill of particulars filed prior thereto. In *Littlefield* the State had specified that the act complained of occurred on a particular day. Proof left open to question whether the act, in fact, occurred on the specified day. It is clear that the record indicated prejudice to the defendant because he had introduced alibi evidence bearing upon the critical date which, as the

Court there stated, "while not conclusive, was on its face unshaken." In discussing the effect of specifications, the Court observed that the purpose was to limit the proof to the specifications, citing, *inter alia*, United States v. Haskins, *supra*, but it was clear on the facts that a showing of prejudice had been made and the Court reversed the conviction.

In State v. Lizotte, 249 A.2d 874 (Me. 1969), our Court again was faced with a claimed variance between the proof and the time specified in a bill of particulars. However, the question of prejudice was not reached in *Lizotte* because an analysis of the facts led to the conclusion that there was no variance between the specification and the proof, the time specified being an approximation only.

In State v. Benner, 284 A.2d 91 (Me. 1971), although the precise issue now before us was not there presented, the opinion clearly implies that the presence or absence of prejudice was relevant and material to the holding that there was no impropriety in terms of judicial discretion in allowing the State to file a bill of particulars expanding the time in which the offense was alleged to have been committed beyond that previously set forth in a demand for notice of alibi, the Court commenting:

"Thus, if it were to appear that defendant had suffered some *special* and *unfair* prejudice caused by consequences of the State's efforts to achieve advance of trial information as to possible alibi contentions of defendant . . . the existence of such special and unfair prejudice to defendant would be relevant and material to the evaluation of whether the Court had abused its discretion in allowing to become operative a bill of particulars which specified a time interval for the commission of the offenses charged *broader* than that designated in the demand for notice of alibi."

*Id.* at 102.

We conclude that our own decisions are entirely consistent with those of the various federal courts and that in order to justify the reversal of a conviction because of a variance between the specifications and the proof it is incumbent on the defendant to demonstrate that the variance has caused him prejudice.

 We now inquire whether, from the agreed statement of facts, any prejudice is demonstrated. We can find none.[2] The Justice below determined that the variance (which he recognized) was not "fatal" to the State's case. In making this ruling he had the benefit (which we do not) of all the testimony of the various witnesses and their cross-examination. We have every reason to assume that he was aware of the interpretation given the rules in the federal courts comparable to Rules 7(f) and 52(a), M.R.Crim.P. His conclusion that the variance was not "fatal" effectively stated that no prejudice had been shown to the defendant which affected his substantial rights.

The defendant's brief makes a theoretical argument of prejudice, but the record upon which we must rely in reaching our conclusion simply states: "At the conclusion of the State's case the defense rested and moved for a directed judgment of acquittal or a finding of not guilty." This record hardly leaves us in a position of being able to go behind the finding of the single Justice to determine if the defendant had been prejudiced. As the Court stated in *Haskins, supra,* 345 F.2d at 114:

"However, defendant has failed to show how these variances prejudiced him at the trial. His argument ends with the assertion that there was a variance."

It does not appear to us that the conclusion we have reached results in any potential for injustice. As Mr. Justice Kaufman

suggested in United States v. Glaze, *supra,* dealing with an appeal from a violation of the Federal Narcotics Law where trial by jury had been waived (as was the fact here), that if any unfair surprise resulted from the variance, the defendant could have requested either a continuance or an adjournment, which would have been appropriate since "no jury was present and the request could have been granted with a minimum of inconvenience." 313 F.2d at 760. *See also* State v. Curtis, 295 A.2d 252 (Me.1972), as factually illustrative of the flexibility of criminal procedure in jury waived cases when required to prevent injustice.

We conclude that the Justice below correctly interpreted the import of Rules 7(f) and 52(a), M.R.Crim.P.

The entry is:

Appeals denied.

WEATHERBEE, J., did not sit.

All Justices concurring.

---

2. We emphasize, as previously stated, the narrow confines of the issue before us. In so doing, however, we are mindful of the admonition in United States v. Glaze, *supra,* namely:

"Courts must therefore view with suspicion attempts by parties to adduce proof of facts which modify or contradict assertions recorded in their bill of particulars." 313 F.2d at 759.