**STATE of Maine**

**v.**

**Michael MAPLES.**

Supreme Judicial Court of Maine.

Aug. 21, 1975.

**584**

David M. Cox, County Atty., Bangor, Stephen Clarkin (Intern), for plaintiff.

Vafiades, Brountas & Kominsky, by Marvin H. Glazier, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

Appellant was indicted by the Penobscot County Grand Jury for the offense of attempted breaking and entering with intent to commit a criminal offense (17 M.R.S.A. 251) :[1] to wit, the offense of breaking and entering with intent to commit larceny (17 M.R.S.A. 754).[2]

He appeals from judgment entered on a jury verdict of guilty of the crime with which he was charged.

We deny the appeal.

The indictment charged:

"That on or about the 2nd day of August 1973, in the Town of Veazie, County of Penobscot and State of Maine, MICHAEL MAPLES feloniously did attempt to commit a criminal offense, to wit, then and there in the nighttime of said day, the store of one Frank Jordon, Sr., doing business as Jordon's Gun Shop, situated at Maple Street in said Veazie, feloniously did attempt to break and enter, with intent the property of the said Frank Jordon, Sr. in said store then and there being, feloniously to steal, take and carry away, and in such attempt did then and there do a certain overt act toward the commission of said offense, by cutting a hole in the door to get at the lock, but he, the said MICHAEL MAPLES, then and there failed, was interrupted and prevented in the execution of said criminal offense."

In response to a motion for a bill of particulars, the State asserted, in material part, that "the defendant was seen cutting a hole in the door."

At the conclusion of the State's case, and again upon completion of all the evidence, the trial Justice denied appellant's motions for judgment of acquittal based upon a claimed insufficiency of the evidence to support a conviction.

The rulings of the trial Justice, and the other issues raised on this appeal, must be

---

1. 17 M.R.S.A. 251.
   "Whoever attempts to commit an offense and does anything towards it, but fails or is interrupted or is prevented in its execution, where no punishment is expressly provided for such attempt, shall . . . receive the same kind of punishment that might have been inflicted if the offense attempted had been committed, but not exceeding ½ thereof."

2. 17 M.R.S.A. 754.
   "Whoever, with intent to commit a felony *or any larceny*, . . . breaks and enters any office, bank, shop, store, warehouse, vessel, railroad car of any kind, motor vehicle, aircraft, house trailer, or building in which valuable things are kept, . . . shall be punished . . . by imprisonment for not more than 5 years or by a fine of not more than $500."

analyzed in light of the following evidence presented at trial:

In the early morning hours of August 2, 1973, appellant's automobile was observed passing by Jordan's Gun Shop on two occasions. Shortly after the car disappeared around a corner, two men emerged from the same corner, and approached the shop. The men were seen to be fumbling with the shop door when, apparently frightened by something, they ran off together. Returning a short time later, they resumed their activity at the door until they were interrupted by Mr. Jordan, who had turned on an outside light and was heard approaching the entrance. The two men hurried off in opposite directions. On inspection of the gun shop's door, the investigating officer discovered that it had been partially cut through.

A short time later, a neighbor called the shop to inform the proprietor that a man appeared to be hiding in a field near the shop. Mr. Jordan and an officer went immediately to the area described by the caller and there found appellant crouched in the grass. A hunting knife found in his possession was later determined to fit perfectly in the grooves made in the door of the gun shop. Subsequent to appellant's arrest, his car was recovered on the same street from which the two men had been observed approaching the gun shop.

That defendant was seen cutting a hole in the door as stated in the bill of particulars, was not established by direct testimony at the trial. Moreover, it is agreed that no direct evidence of appellant's actual participation in the crime was presented at trial.

■ Appellant contends the circumstantial evidence presented by the State was insufficient to entitle the jury to find that he attempted to break and enter Jordan's Gun Shop, that in the attempt he cut a

hole in the gun shop door, and that he did so with the requisite intent to commit larceny.

The evidence adduced by the State warranted the jury in finding as facts

1) the presence of appellant's car in the vicinity of the attempted break immediately prior to the crime;

2) the attempted break itself, the holes around the knob of the gun shop door, and the presence of valuable property in the shop;

3) the flight of one of the men in the direction of a nearby field;

4) the furtive movements of a man in the same field;

5) discovery of appellant hiding in the field at an early morning hour;

6) discovery of a knife in appellant's possession which fit perfectly into the holes made in the door; and

7) recovery of appellant's car parked near the gun shop.

From these facts as found, and from inferences they could reasonably draw, the jurors could properly conclude that appellant was one of the two men who had been observed attempting to break and enter the gun shop, and that his intent in so doing was to commit larceny of the valuable property contained in the shop or some of it.

■ The issue presented to us on review of a denial of a motion for judgment of acquittal at the close of all the evidence is whether, in view of all the testimony, the jury was warranted in believing beyond a reasonable doubt that the defendant was guilty as charged. *State v. Cedre,* Me., 314 A.2d 790 (1974); *State v. O'Clair,* Me., 292 A.2d 186 (1972).[3]

---

3. Appellant also argues that the verdict is "contrary to the weight of the evidence" and "not supported by substantial evidence."

These arguments, although framed differently, raise the same issue.

We conclude there was ample evidence to warrant the denial of appellant's motion for judgment of acquittal at the close of the evidence.

■ We have recognized that the defendant's state of mind is not susceptible of direct proof. For that reason we have considered that circumstantial evidence is sufficient to establish that the defendant entertained the requisite intention to commit the crime with which he is charged. *State v. Liberty*, Me., 280 A.2d 805 (1971). See also *State v. Morelock*, Iowa, 164 N. W.2d 819 (1969); *Jones v. State*, Fla.App., 192 So.2d 285 (1966).

In a strikingly similar case to that now before us, we recently had occasion to discuss the question whether intent to commit larceny could properly be inferred from circumstantial evidence. *State v. York*, Me., 324 A.2d 758 (1974).

In *York*, the defendant had been charged with the same offense as that involved in the instant case. No direct evidence of his participation in the crime was adduced at trial, despite the averment in the indictment that he had done "a certain overt act toward the commission of said offense, to wit, by breaking a window in a door to said building . . . ."[4]

Having observed that the indictment complied with the rule of *State v. Doran*, 99 Me. 329, 59 A. 440 (1904), that an indictment charging an attempt to commit a criminal offense must specify both the overt act and the ultimate offense, the Court went on to say:

"The fact that York was placed at the scene of the crime only by inference drawn from circumstantial evidence does not as a matter of law render the evidence insufficient. *State v. Mimmovich*, Me.1971, 284 A.2d 282. The same is true with respect to the defendants' argument that there was no direct evidence

to establish that either defendant actually broke the glass on the door, or that they did so with a larcenous intent. Their identity as the perpetrators of the crime and the intent to commit larceny may be inferred from circumstantial evidence. See, *State v. Mimmovich*, supra; *State v. Liberty*, Me.1971, 280 A.2d 805; *State v. Hamilton*, 1953, 149 Me. 218, 100 A.2d 234." 324 A.2d 769.

From evidence that appellant's car was seen cruising in the early morning hours in the vicinity of the gun shop just before the crime; appellant's furtive conduct in the field near the gun shop; the fact that the field was in the same area to which one of the participants was seen to flee; his possession of a knife which fit accurately into the marks around the door knob; and the discovery of his car parked on the corner from which the participants initially approached the shop; the jury could properly infer that it was appellant himself who cut the hole in the door in an attempt to enter the shop and steal some of the valuable items it contained.

Appellant further alleges it was error for the trial Justice to refuse to charge the jury that unless it found beyond a reasonable doubt appellant himself had cut the hole in the door as specified in the bill of particulars, the State had failed to prove its case.

■ As we understand the issue raised by this contention, it is whether the failure of the State to establish, by direct testimony, every particular specified in the pleadings, is *per se* grounds for acquittal.

We hold that it is not.

We have already said the information contained in the *indictment* may be proved by reasonable inferences drawn from circumstantial evidence demonstrating an accused's participation in the attempt and his specific intention to commit the ultimate

---

4. The "building" in *York* was a Greenville restaurant, "a [place] where valuable things are kept."

crime. In *State v. Wedge*, Me., 322 A.2d 328 (1974), we clarified the nature and function of a bill of particulars.[5] Like the indictment,

> " 'The function of a bill of particulars is to protect against jeopardy, provide the accused with sufficient detail of the charges against him where necessary to the preparation of his defense and *to avoid prejudicial surprise at trial*.' (Emphasis added.) *United States v. Leach*, 427 F.2d 1107, 1110 (1st Cir. 1970), cert. denied, 400 U.S. 829, 91 S.Ct. 57, 27 L. Ed.2d 59 (1970)." 322 A.2d at 330.

In *Wedge*, as in the other cases which have addressed the question of whether a variance from the allegations of a bill of particulars is reversible error, the State had specified a time in which the alleged offense occurred. The evidence adduced at trial failed to establish that the offense, in fact, occurred at the time specified. *Wedge* held that in order to justify the reversal of a conviction because of such variance "between the specification and the proof" it must be demonstrated that defendant was prejudiced by the variance.

We are convinced no prejudice is shown on this record. Even if we took the narrow view of the limiting effect of a bill of particulars urged on us by appellant, appellant could not prevail under the rule described in *Wedge*.

■ Answer 5 of the bill of particulars charged that "the defendant was seen cutting a hole in the door." Indicted as a "principal" in the substantive offense, appellant was legally liable for the commission by another of any conduct specified in the pleadings if he were not only present during their commission, but also in any way

> " ' . . . aided, abetted, assisted, advised or encouraged . . . [the third

person] in . . . [it] . . . or . . . [were] present for such purpose to the knowledge of the perpetrator.' "

*State v. Mower*, Me., 317 A.2d 807, 811 (1974), quoting from *State v. Berube*, 158 Me. 433, 434, 185 A.2d 900, 901 (1962). *State v. Gaddis*, Me., 322 A.2d 96, 99 (1974).

■ The evidence presented at trial was more than adequate to support the finding of guilt of appellant as a "principal" actor in the crime charged. That being so, the failure of the State to prove that appellant *himself* actually cut the hole in the door does not require his acquittal. Neither can it be said that the variance between proof and specifications (the specifications being identical in the indictment and the bill of particulars) is a variance affecting substantial rights, where appellant has not shown that he was in any way hindered in the preparation of his defense, or unfairly surprised at trial. M.R.Crim. P., Rule 52(b).

■ Appellant's final argument is that the Court acted erroneously, with reversible prejudice, when it refused to instruct the jury in accordance with appellant's request, that because of the statement in the specification that "the defendant was seen cutting a hole in the door" the State was required to establish the fact that it was the *defendant himself* who cut the hole in the door, and that the rule in *State v. Mower*, supra, had no application.

We answer that objection by saying that the language of the specification will admit of any proof which established that in contemplation of the law the appellant is guilty of the criminal conduct as a "principal" whether the act described resulted from his own actions or as a result of vicarious responsibility.

---

5. See also *State v. Hume*, 146 Me. 129, 78 A.2d 496 (1951); *State v. Littlefield*, Me., 219 A.2d 755 (1966); *State v. Lizotte*, Me., 249 A.2d 874 (1969).

There being no error disclosed by the record which requires reversal, the entry must be,

Appeal denied.

All Justices concurring.