UNITED STATES of America,
Appellee,

v.

Robert St. GERMAIN, Defendant,

Lawrence Laspina, Defendant–
Appellant.

Docket No. 01–1039.

United States Court of Appeals,
Second Circuit.

April 8, 2002.

Paul Butler, Esq.; Ronald L. Kuby, Esq., New York, NY, on the brief, Washington, DC, for Appellant.

Barbara E. Guss, Assistant United States Attorney; Mary Jo White, United States Attorney, Southern District of New York; Diane Gujarati, Meir Feder, Assis-

tant United States Attorneys, on the brief, New York, NY, for Appellee.

Present WALKER, Jr., Chief Judge, CABRANES and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Lawrence LaSpina appeals from a judgment of conviction after a jury trial on one count of conspiring in violation of 18 U.S.C. § 371 to defraud the United States, transport interstate property obtained by fraud, and commit wire fraud, one count of conspiring to defraud the United States and commit tax evasion, also in violation of 18 U.S.C. § 371, and one count of obstruction of justice in violation of 18 U.S.C. § 1503. LaSpina was sentenced to 78 months imprisonment to be followed by two years of supervised release and was ordered to pay restitution totaling $2,320,469. LaSpina challenges his conviction on five grounds: (1) that the evidence of obstruction of justice varied prejudicially from the bill of particulars; (2) that the government's failure to disclose a transcript of grand jury testimony that included Jencks Act and *Brady* materials justifies reversal; (3) that rulings of the district court improperly deprived LaSpina of his right to proceed *pro se;* (4) that the grand jury pool violates the "representative cross section" requirement of the Sixth Amendment and 28 U.S.C. § 1861 *et seq.;* and (5) that the court's charge on overt acts was reversible error. We reject all of these arguments and affirm LaSpina's conviction.

■ LaSpina's most substantial argument is that the evidence presented at trial varied prejudicially from the bill of particulars. Bills of particulars are intended to inform defendants about the details of the charges against them and to allow them to prepare their defenses. *See, e.g., United States v. Torres,* 901 F.2d 205, 234 (2d Cir.1990). Once the government has responded with a bill of particulars, it is "strictly limited to proving what it has set forth in it." *United States v. Glaze,* 313 F.2d 757, 759 (2d Cir.1963) (quoting *United States v. Murray,* 297 F.2d 812, 819 (2d Cir.1962)). However, a variance is only grounds for reversal if it prejudiced the appellant. *Glaze,* 313 F.2d at 759.

■ In this case, LaSpina is correct that a variance existed between the bill of particulars and the evidence presented, but we conclude that he fails to show prejudice. The bill of particulars stated that LaSpina "caused the destruction of [subpoenaed] documents which .... included invoices and bills of lading" and "caused the concealment of [subpoenaed] documents which .... included information on the computer relating to shipment of computer parts." At trial, Rita LeDuc testified that she destroyed telephone records and altered check registers upon LaSpina's orders. No testimony addressed the destruction of invoices, bills of lading, or computer files related to the shipment of computer parts. The government's primary argument for why this was not a variance is that the word "include" indicates that the language was purely exemplary, not restrictive. As the district court held, this proves too much. Under the government's theory, the bill of particulars would have given no more information than the indictment. Although similar documents might be covered by the language, such as a receipt instead of an invoice, the list of examples has to meaningfully restrict the government in order to fulfill the purpose of a bill of particulars.

The district court held, however, that the variance was not prejudicial. Although we differ somewhat in reasoning, we agree with the district court's conclusion. LaSpina argues that had the bill of particulars described the evidence that was ultimately presented at trial, he would have accepted a favorable plea bargain. The district court rejected this argument, holding that the decision of whether to plead guilty was not part of the preparation of a defense that the bill of particulars serves. Although we believe that a variance from a bill of particulars could under some circumstances be prejudicial by causing a defendant to not plead guilty, this is not such a case. First, no evidence exists to support LaSpina's claim that he would have pled guilty. When LaSpina discovered that LeDuc would be testifying against him shortly before the trial began, he did not seek out a plea agreement but continued to trial. Second, any prejudice resulted not from the variance from the bill of particulars but from a change in the witnesses against him. LaSpina concluded from the bill of particulars and from other discovery from the prosecution that the prosecution's primary witness against him on the obstruction count was Julie Eilers, who he believed he could effectively impeach. Shortly before trial, LeDuc became a government witness. Any prejudice LaSpina suffered stemmed not from the fact that the precise documents destroyed were different, but from the fact that the government put on a different witness from the one LaSpina had anticipated. But the government was under no obligation to disclose in the bill of particulars who its witnesses would be. *See, e.g., Torres,* 901 F.2d at 234; *Glaze,* 313 F.2d 757. Consequently, no prejudice flowed from the variance.

LaSpina also argues that the government failed to turn over materials that he was entitled to under the Jencks Act, 18 U.S.C. § 3500, and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The government acknowledges that it failed to turn over the case agent's grand jury testimony, but argues that the disclosure was inadvertent and that there is no reasonable probability that disclosure would have produced a different result. We agree with the district court that the failure to disclose was inadvertent, not intentional, and thus that the failure only warrants a new trial if "there is a significant chance that the added item would instill a reasonable doubt in a reasonable juror." *United States v. Gonzalez,* 110 F.3d 936, 943 (2d Cir.1997). In this case, the additional evidence would have simply allowed a small amount of further impeachment that would have been cumulative with the effective cross-examination performed at trial. That is insufficient to justify a new trial.

We have carefully considered LaSpina's additional claims, all of which are without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.