UNITED STATES of America, Appellee,

v.

Andrew DULIN, Jr., Appellant.

No. 13097.

United States Court of Appeals Fourth Circuit.

Argued May 6, 1969.

Decided May 13, 1969.

**364**

Harold Gavaris (Court-appointed counsel), Norfolk, Va., for appellant.

James A. Oast, Jr., Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on the brief), for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

Andrew Dulin, Jr., was charged in an indictment with violating Title 18 U.S.C. § 1709 in that he, in his capacity as a substitute mail carrier employed by the United States, did unlawfully, feloniously and willfully embezzle a certain letter containing four $1.00 bills which had come into his possession by virtue of his employment. The letter containing the currency was prepared and "planted" by postal authorities so that it would come into defendant's possession for proper handling. It was specifically described in the indictment by the name and address of the addressee.

Counsel for the defendant filed a motion for a bill of particulars and a motion to suppress which motions, after hearing thereon, were denied. Dulin was convicted by a jury and was sentenced to a term of imprisonment. The principal point raised on appeal is that the court erred in denying the motion for a bill of particulars.

■■ Although a defendant is generally held to be entitled to a bill of particulars to gain information on the nature of the charge against him so as to enable him to prepare for trial, avoid or minimize the danger of surprise at time of trial and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense,[1] an accused has no unconditional right to such a bill.[2] Granting or denying a motion for a bill of particulars is a matter within the sound discretion of the trial court and, in the absence of an abuse of such discretion which results in prejudice to the rights of the accused, the action of the court will not be disturbed.[3]

■ The indictment in the instant case is not vague; it charges only one offense; there has been no showing of prejudice to the rights of the defendant through the failure of the court to order a bill of particulars and we find no abuse of the court's discretion.

We have considered other assignments of error and find them to be without merit.

Affirmed.

1. United States v. Murray, 297 F.2d 812, 819 (2 Cir. 1962); Dierkes v. United States, 274 F. 75, 77 (6 Cir. 1921); see also United States v. Haskins, 345 F.2d 111 (6 Cir. 1965).

2. United States v. Seeger, 303 F.2d 478 (2 Cir. 1962).

3. Downing v. United States, 348 F.2d 594 (5 Cir. 1965), cert. den. 382 U.S. 901, 86 S.Ct. 235, 15 L.Ed.2d 155.